The FTC v. Elite IT Partners 23-4009 Good morning, and may it please the court. Caleb Krockenberg on behalf of the appellants Elite IT and James Martinez. Everyone agrees that the December 2019 judgment ordering Elite for more than $13 million could not be entered today. Approximately 18 months after that judgment was entered, the Supreme Court in AMG Capital said both the FTC lacks the authority to request, and a district court lacks the authority to enter a judgment under Section 13 of discouragement. What about Section 19? Your Honor, Section 19 is very different, and I will just focus on the argument actually made by the FTC in this case. They say sort of as an aside, under Section 19, they believe they could get relief approaching the discouragement award here. But as we noted in our briefing and as other courts have held, including the Ninth Circuit in the Figge case, Section 19 does not allow punitive damages. It does not allow an order of repayment paid to the federal government or the U.S. Treasury. Instead, it allows for redress for consumer injury. That's very different than what we're talking about here. Well, as I understand it, first of all, the amount that was actually paid was much smaller than what the initial award or the agreement was in the settlement. But as I understand it, it was paid into the government, but then distributed to the injured parties. So what the record discloses is that the elite IT as a business was taken into receivership. And ultimately, about $1.19 million was seized from either the business or payments made by elite IT or Mr. Martino's towards the settlement. Of that, the FTC then decided to distribute approximately $300,000 to customers of elite IT, regardless of whether they were customers that were affected by the allegations in this case. And so... Is that part of our record? It is part of the record. Regardless of whether they were injured part? Your Honor, what the... And certainly, we have made that argument. And part of, I think, what happened is there was no determination ever under Section 19. I mean, this was paid pursuant to the judgment under Section 13. Well, as I read the stipulated settlement, it lists both 19 and 13 in it. Well, the... I mean, I don't know that it's clear that it was just 13 or just 19 or both. Well, Your Honor, the monetary penalty paragraph of the settlement agreement says that elite IT shall pay the $13 million as disgorgement to the U.S. Treasury. That is not equivocal and that is not, as consumer redress under Section 13, or Section 19, excuse me, that is a punitive forfeiture to the U.S. government. And if Section 19 could provide the FTC with some monetary award, then it's up to the District Court, I think, in the first instance to decide that question. Well, that might be true if you had tried it to the District Court, which entered into a settlement agreement, and you entered into a settlement with an understanding of what the law was then, and the case had already been... the Supreme Court had already granted cert, so it was known that the Supreme Court was going to consider the scope of Section 13 when you entered into this agreement. So why, I mean, why is this a situation where equity and, you know, it would be a miscarriage of justice if we didn't set this aside? Well, Your Honor, I think that separates out actually two issues, and the issue that's presently before this Court is whether there is a categorical bar under Rule 60b-6. Well, that assumes we agree with you that the Court applied a categorical bar. Well, and respectfully, Your Honor, I think the District Court was very clear about it. What do you mean? Because I... Can I just ask you to clarify exactly what you mean by a categorical bar? Because in the briefing, it seemed to me that you're using it in a couple of different senses, so I'm not sure that I understood. Yes, Your Honor, and so if we look at the District Court's corrected, or what it described as its corrected opinion, it held very clearly that under its reading of this Court's precedents, a change in the law, just a change in an unrelated case, could not, as a matter of law, provide relief under Rule 60b-6. In the absence of a related factual pattern like in Pierce? Correct. And the Court... Well, there's not a categorical bar. That's just, to me, that's what confused me. That's just saying, this is what Collins meant. This is what Pierce and Johnston, with a T, meant. I don't understand that that didn't bar... The Court wasn't barring a vacant or under 60b-6 if there was some other argument, other than a change in the law. That's what I'm trying to get at. Well, Your Honor, I don't think that is a fair reading of the District Court's corrected opinion. And I think what the District Court said very clearly, when it noted and it wrote it was correcting an error in the original opinion, and it was saying in an unrelated case, the Court doesn't even consider the equitable factors. It doesn't move forward. Well, we don't have in this circuit any rule that the Court has a specific list of equitable factors that it must go through and consider, do we? No, Your Honor. And our argument is simply that the District Court made an error when it said a person alleging a 60b-6 motion, or moving under 60b-6, because of a change in the law, cannot benefit from relief, no matter the equity. Based on a change of the law. But if the movement argues, well, they were under mental distress, were under duress, there were other non-factors, completely unrelated, AMG, to a change of the law, you would agree with me, I think, wouldn't you, that, well, the Court wasn't suggesting that you can only grant relief under 60b-6 if there was a change of the law under Collins and Pierce.  Well, Your Honor, and I think it's important also to note that in the original opinion, the District Court considered the equitable factors that Mr. Martino said raised. And in the corrected opinion, the Court said because he is ineligible to move in an unrelated case because of a change of the law, there's no need to even consider those factors. Well, isn't that the argument you presented to the District Court? You said we should get relief under rule. Well, you had both 60b-5 and b-6, but we're just here under b-6, right? Correct. You wanted relief under b-6 because of the Supreme Court's ruling in AMG. That's the argument you made. Yes. And so the District Court said, I've looked at that, and that's not a related case to your case. End of story. Isn't the Court just responding to your argument? Well, no, in the sense that... The Court just said, oh, now, wait a minute. Let me talk about all these other things that you haven't argued. No, Your Honor, because that was the threshold determination. And we argued that in the briefing below. And that was an argument made by the FTC. They said, essentially, you cannot consider the other equitable factors as a threshold determination. Is it a related case? If not, if are. And that respectfully was legal error. Well, you think the District Court's corrected opinion says, and I cannot consider any other factors than change in the law? Your Honor, I think that is a fair reading of the Court's decision, is that... So you would take issue with what Judge Vacarak said, that if they came in and said, you know, I was not in my right mind when I agreed to this, the Court wouldn't be able to look at it all unless there was a change in the law. That was in a related case. And just to... I believe I'm answering this Court's question, but please let me know otherwise. What I understand the District Court's opinion to suggest, or assert as a matter of law, is that if you are based on a change in the law, it must be in a related case, period. And if it is not, you are precluded from bringing a motion under 60B-6. For any ground? For any ground. For any ground, not just a ground related to a change in the law? Well, for a change in the law. If you are asserting the change in the law in an unrelated case. And, Your Honor, that is incorrect under this Court's precedent. I mean, this Court has changed... They have affirmed the reopening of the case. So should we look at these other things, these other factors now? This Court certainly can. I think the FTC has requested a revamp. Tell us what else we should look at. Well, Your Honor, if we're looking at the factual scenario, I think it is important to look at the effect of the change in the law. And the scope. Because the precedent in the Tenth Circuit at the time the settlement was entered into, allowed punitive discouragement awards. And that is what allowed the FTC to get an ex parte restraining order that really started this case. I mean, that was the basis, was the effort to preserve assets for an eventual discouragement award. That changes the entire dynamic of the enforcement action and also the scope of remedies that are possible. That is a significant, substantive change in the relationships. And I think the other factors that we point to is that Mr. Martinez certainly didn't wait for decades as some of the other cases that the FTC has pointed to. It's two years after the settlement, right? That this motion is filed? Your Honor, I believe it was 18 months, but I have to... Obviously, whatever it was, was... But he entered into the settlement after CERT was granted in AMG, where the certified question was this very issue. You're right, Your Honor. And I think that is certainly something that the court can consider. But, again, what this court is faced with today is whether or not, just as a categorical matter, and I understand Judge Bacrak's sort of taking issue with that language, but whether it's a threshold... I'm just asking a question. Sure. I'm trying to figure it out. Whether it's a threshold question or however you want to classify it, the question facing this court today is whether or not this related case rule is an absolute bar. And respectfully, it's not. Well, in the cases where we've used language that it warrants relief, those were cases, as I recall, where... And we're looking at this under a pretty forgiving standard, where the district court had granted relief. And we're saying, can we uphold the relief that the district court granted? And we say that change warranted it. It's enough. But we didn't... I mean, I think you're reading too much into those cases. Well, Your Honor, I would just respond by pointing to the United States v. Johnson case, where this court said when a district court applies the incorrect legal standard, then we remand it for a proper determination. What do we do with waiver here? Your Honor, waiver is an equitable factor. Well, I mean the statement that you made in the settlement order. Well, first of all, Your Honor, we do not agree that that would bar the kind of relief we're talking about. Because as we have argued in our briefing, the waiver language that the FTC points to says that challenging the effectiveness or continued legality of the order is one thing. Isn't that what you're doing? Your Honor, what we are arguing is the district court's legal authority, as the Supreme Court said in AMG, to enter this punitive judgment is false. This results in the same thing, doesn't it? If the court has no authority, you walk away, no judgment, no award. Well, and Your Honor, then we simply point to those other cases that we've cited, where the Supreme Court and this court both have affirmed 60 v. 6 relief, despite settlements, despite waivers. I mean, that is the reason for the equitable rule. Let me, we'll give you a little bit more time, because I want to follow up on Judge Briscoe's question. I think that there may be a little bit of a disconnect, because waiver is being used in two different senses, in terms of its applicability under 60 v. 6. And I think what Judge Briscoe was asking you was about just what I would call a collateral challenge waiver. I mean, we talk about an appeal waiver. I'm not sure this is an appeal waiver. It says you waive, quote, all rights to appeal or otherwise challenge or contest the validity, end quote, of the stipulated order, right? And you specifically argue that this is a heading on page 9 of your opening brief. AMG recognized that the original judgment was illegal when it was issued. You had made earlier comments today that the original order under 13b was never valid. It was always illegal, because AMG was interpreting what section 13b always meant. So how are you not subjected to this express waiver of your right to challenge or contest the validity of the original order? So two responses to that, Your Honor. First is the continuing monitoring provision of the order itself. I believe the final line of the order says the district court obtains jurisdiction to modify, correct, or amend the judgment. And when we look at the language of AMG, when they talk about the district court's ability to enter that order of judgment, it's certainly our position that it is incumbent on the district court, notwithstanding the waiver language, to modify the judgment, to conform it to current law. The other point I would just make is when we look at the firefighters AFL-CIO case versus the city of Cleveland that we mentioned, when a district court lacks the power to issue an order or issue a judgment in this case, even an agreement by the parties doesn't allow the district court to have the power to issue that judgment. And I think if the parties agreed today... Wait a minute. You're saying that a Supreme Court decision issued after a case is closed invalidates every decision that has been finalized by a district court prior to the time that Supreme Court decision came out? No, Your Honor. What I am saying and what we're arguing is that the district court lacks the authority to enter that judgment today. We all agree on that. The question then... Okay, you can assume that. So the question then is whether the equities in this particular case require the court to reopen it. And I think waiver or... The court to reopen it is a different issue than whether it would require the court to reopen. There's almost nothing under Rule 60 where the court is required to grant relief. Certainly, Your Honor. And so the question then is what sort of value or what importance those questions about settlement play into the analysis. And there are certainly instances where courts have affirmed... This court has affirmed reopening a case despite a settlement. Simply as a matter of fact. Always watch. If we're looking at a ruling which we affirm, you're asking for a reversal. The scope of review here is what? Abusive discretion. So it's a little different entry into the issue, is it not? Do you understand what I'm saying? I do, Your Honor. And we disagree because the error that we are alleging that the district court made by applying the wrong standard or by deciding this threshold issue that Mr. Martinez was precluded from relying on 60 v. 6. That was a legal error. And in the Johnson case, this court said when the court applies the wrong standard, then it is an error of law. We reverse with instructions to fix the error and consider it a no. And that's all we're asking for in this case. Thank you. May it please the court. My name is Michael Bergman. I'm the attorney for the Appellee Federal Trade Commission. I wanted to just highlight a couple of key points, and then we can jump into some of the issues, although they kind of all overlap. So you may interrupt me at any time. We will. So I'll just quickly go through the key issues, which I believe were all raised before. Number one, the defendants argue that AMG provides a change of law that justifies relief under 60 v. 6. But the Supreme Court's decision in Gonzales made it very clear that it's hardly exceptional that a change in decisional law by itself can justify relief under 60 v. 6 to a closed case, which was decided correctly under then prevailing statutory interpretation. It also said that it is all the less extraordinary. So that by itself would be sufficient. It also said that it would be all the less extraordinary when a party has displayed a lack of diligence in pursuing its claim for relief in the original proceedings. And that happened here where the elite of defendants did not raise a challenge to 13 b as a basis for statutory monetary authority. The second point... Well, let me play devil's advocate with this. The district court in the amended order did not ever discuss a lack of diligence as a reason to deny the 60 v. 6 motion, correct? That's correct. And your adversary did argue in the Rule 60 v. 6 motion that that was at least a factor that should weigh in favor of Vaquener, correct? That he had argued that he was diligent and the district judge did not discuss that. I don't remember exactly what he had argued in his opening brief before the district court or the reply. But the fact of the matter is that there is no diligence found here. They're clearly, from the record, it's clear they ended up settling this case. There was no diligence in the Gonzales meaning of that term, which was all post prejudgment pursuing a claim for relief. In this case, it would have been section 13 b, does not apply to the authority. It seems like it would be very difficult for us in the first instance without a district court deciding whether or not the elite IT had been diligent for us to say, oh, in our view, he was not diligent. I mean, we can, as Judge Briscoe said, we typically would review through a deferential lens whether the district court abused its discretion or clearly error in determining that there was or was not diligence. But if the district court didn't, and I didn't see any reference to the district court's amended order about diligence, I don't know how we could adjudicate that. Well, there's two responses to that. One is that Gonzales, it was a plus factor for Gonzales. Gonzales stopped, its main point was that a change of law is hardly exceptional to justify relief where the original judgment is made under then consistent interpretation of law, which in the case was here, and it's undisputed. And the second point is, I don't believe this court would need to remand because there's simply, just from looking at the record, there's simply, as a matter of law, there simply was no challenges by the defendants to 13B monetary authority. They settled the action. So I don't believe remand would be necessary. It would be a matter of law, if you even got to the diligence point, which you don't even need to get to. Well, the argument is that we have to remand because the district court applied the wrong legal standard. And by that, I mean that the district court said, allegedly, that the only way you can get relief here is if there's a change in the law in a related case, these cases aren't related, therefore you cannot prevail. Do you agree with that characterization of the district court's ruling? I don't disagree with that. That is what the district court said. That's completely consistent with the Supreme Court jurisprudence, the Gonzales case, the Wilzberg case from 1997, said there are no specific factors that need to be considered. And there simply was no reason for the court to even get into the whole notion of diligence, where it was clear from the record that they settled the action. So from the pleadings, they never raised any other. AMG was the only basis, the only basis for them seeking the 6th relief. They never argued anything else below or in the court of appeals. Let me challenge that. On pages 12 and 13 of his motion, didn't he specifically argue that it would be unjust to saddle the defendant with the judgment because FDIC had no interest in retaining the judgment? Maybe that's a silly argument, maybe it's weak, but he did argue that, did he not? I'm sorry, is this in the district court? In district court on pages 12 and 13 of his motion. I have to go ahead and go back to it. I'm not trying to quiz you. But I think one of his arguments, as I understand it on appeal, and I may be wrong, but I think that's part of his categorical bar argument, is I think he's saying that elite IT had argued things other than a change in the law. He was diligent. FDIC had no interest in retaining the judgment. This guy, his reputation is ruined. He has no livelihood now. It's unjust to saddle him with the denial of his ability to make a living. Maybe these are weak arguments, maybe they're strong arguments, but he's saying, well, the district judge was faced with these arguments and just never addressed those. How do you respond to that? Or do you think I'm mischaracterizing his argument? Well, I don't have the district court brief in front of me right now. Well, I'm talking about his argument on appeal. Right, right. So he can make whatever arguments, obviously, he wants, but there simply is nothing. We can go each one of the points that you made, that there was none of those were, you know, there's no evidence of it. There's, well, I mean, I'll go point by point there. You know, with the fact that, first of all, I don't believe you meant the FDIC, I think you meant the FTC, but that's OK. There's a lot of acronyms. What did I say? We've been reading a lot about the FDIC. There are a lot of acronyms in Washington. No, it's not. You kind of threw me off a little bit there, that's why I was trying to, but the notion of them making the argument that we had no interest is just simply ludicrous. I mean, we certainly have an interest in getting consumer redress back to all the consumers that were harmed by this blatant consumer scam that really targeted seniors. And so, you know, just the fact that they throw out these arguments doesn't itself mean that there's any merit to it or that it should be remanded. So that's just one example. So your point is that the district court didn't necessarily have a duty to specifically address each one of these arguments? Is that your point? I mean, that's, yeah. I mean, essentially, if it was a merit to it, they would. I don't think the district has a responsibility to go. But I'm giving that as sort of the most extreme example of something that the district court would not have had to address. I mean, you know, we clearly have an interest in getting monies back to the injured consumers that Elite IT and, you know, Martino's had been injured. So yeah, so those are not standalone meritorious points or additional elements of diligence. Simply from the record, I mean, again, going back to the settlement, the AMG was, you know, we would have said was the only reason or at least by far the primary reason. It was a simple application of, and you can look at the issues presented the way that we had characterized it, which is, does it, you know, is it, did they, you know, satisfy or the district court abuse its discretion, abuse its discretion to high bar in denying their relief where their argument, we would argue, entirely or at least in the main rested on AMG. And there's nothing, again, going back to the Gonzales case, there's nothing extraordinary about the AMG case here that would require there to be, you know, openings up. Again, another point I was going to make before are very basic points that this panel had raised before, which are, you know, most fundamental points here, which is that a decision, a new decision by the Supreme Court that is a change of law does not apply, only applies retroactively to open cases on direct appeal and does not apply to closed cases. There's very strong interest in finality in doing that. I mean, to reopen all the closed cases based on the change of law, there would be no finality. Parties would be continually litigating. So that's kind of the kind of most fundamental point here. There's, you know, my friend on the other side can't dispute that. That as soon as the principles, again, Gonzales talking about hardly exceptional that there's a change in the law where the law was created, consistent with then prevailing precedent, lack of diligence. And that's all that Gonzales says. You know, it doesn't go into other factors. It doesn't say there have to be other factors. Matter of fact, the Supreme Court in Luxembourg, if I'm pronouncing it properly, said that no other factors have to be considered so that the district court, this panel's, this circuit's rule, however we want to characterize it, being the related case rule, however, is completely consistent with Supreme Court precedent. There's no reason to change it. We mentioned, again, I wanted to highlight the fact of settlement here. I mean, they settled the, you know, you had gone into the effect of waiver. We would say that waiver should be a bar here. They agreed to waiver as part of the settlement. There's a lot of give and take. The amount that, let's say, that we allow to be suspended could very well have been taken with respect to what we gave them, what they gave us. So we think that waiver is by itself. But I wouldn't rely just on waiver. Well, let me ask you about the waiver, the paragraph 5 in the stipulated settlement. The argument that we heard earlier was that that waiver, we can, I guess, disregard that waiver because of the final paragraph that says that the district court maintained continuing jurisdiction over the matter and the power to modify the agreement. Do you agree that that undermines or makes the waiver clause not applicable here? We don't agree that it undermines the waiver argument because they're two separate things. The waiver argument is talking about, well, let's read the plain language from it. The defendants waive all rights to appeal, otherwise challenge or contest the validity of this order. And that's what they're doing here. They're challenging the validity of this closed judgment. This is different from modifying the order based on maybe a change in circumstances, external circumstances that they could not have anticipated. Here, certainly, as this panel, they certainly could have anticipated a change in law. But, I guess, more precisely, you know, paragraph 5, appendix number, page 120, talking about challenging the validity of the order is what they're doing here. And that the reservation of rights to modify the order, perhaps because the receiver had some issues or whatever, does not undermine that. And the waiver point is just kind of a subset of the settlement point in general. They settle. They agree to the waiver point. Again, settle, you know, this old expression that you don't peel back the curtain. In settlement, there's a lot of give and take, a lot of interest on both sides. And this is what the parties have come up with. And this is what they agreed to. So, you know, not only was there a lack of diligence in pressing 13b doesn't provide monetary relief, but the defendants are essentially stuck with this stipulated judgment that we're stuck with as well. What significance does section 19 have here? So, well, the first argument would be that with maybe none only in the respect, and just listen me out, I'll get to it, in that 13, our primary point would be that 13b just simply doesn't apply to this closed case. So that when it comes to monetary relief, injunctive relief, that all stands because 13b in December of 2019, in fact, allowed there to be monetary relief. So the initial is that, you know, based on the fundamental principles of do not apply to retroactively to closed cases would apply here. But if this court has some concerns about that, section 19 does play, would play a very large role in that, in that we allege that that was one of the bases based on a huge amount of telemarketing sales rule violations and ROSCA violations. And so you could have obtained the same relief under section 19? We believe it could have been possibly maybe even more. We say, I know we said in the brief approach, I think we were being maybe too cautious there. The number, again, because the parties entered into a settlement, there was no, I guess, need to calculate. And again, at the time this was being done, 13b was alive, allowing monetary relief. But the number would be approaching the same or perhaps even more than it would be under 13b. But 19 definitely applies to the degree to which, you know, as being an alternative basis of monetary relief, which is something that I know the Hewitt case in the Ninth Circuit mentioned, there are a number of cases mentioned, and I think the Ross case in the Fourth Circuit also mentioned alternative bases for monetary relief, and that was a factor there. And if you want to consider section 19, it would be a strong basis, because it certainly applies. Thank you. Any other questions? Thank you. Thank you very much. Kevin, does the appellant have rebuttal? No, he went five minutes. Okay. Oh, five minutes? How did I forget that? Thank you. Thank you, Counselor Brosides.